J-S67045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN LIEBEL, | : | |
| | : | |
| Appellant | : | No. 2056 EDA 2018 |

Appeal from the PCRA Order May 28, 2018
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002466-1997

BEFORE: OTT, J., NICHOLS, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 26, 2019**

Because Appellant was not appointed an attorney to represent him for his first PCRA petition, I would vacate the order of the PCRA court and remand for appointment of counsel.

The Majority recognizes that Liebel was indeed entitled to an attorney to represent him for his PCRA petition filed on July 17, 2006, but no attorney was ever appointed. In fact, the Majority recognizes that no attorney was ever appointed for any of the subsequent PCRA petitions filed by Appellant. In reviewing the instant petition, filed on March 28, 2018, the Majority concludes that despite the fact Appellant has never been appointed counsel to whom he was entitled,

---

* Retired Senior Judge assigned to the Superior Court.

> we are uncertain that this Court has the current authority to essentially vacate all prior PCRA proceedings, including denials of review by our Supreme Court[,] to reinstate Liebel's initial PCRA rights. We believe this remedy, if proper, is best left to the discretion of our Supreme Court.
>
> We do not believe that an order of this Court for appointment of counsel for this, ninth, PCRA petition is authorized by rule or statute. Further, we do not believe that such an action would act as a remedy for an error that occurred years ago.

Majority Memorandum, at note 4.

I respectfully disagree with the above conclusions. Although we cannot fully rectify the errors of the past, Pennsylvania Rule of Criminal Procedure 904(E) specifically permits the appointment of PCRA counsel when "the interests of justice require." Pa.R.Crim.P. 904(E). While Appellant may eventually argue that all prior PCRA orders should be vacated, an order by this Court vacating a single PCRA order and requiring the PCRA court to appoint counsel on Appellant's behalf certainly does not do that automatically as the Majority suggests. To the extent that is the relief sought by Appellant, he may choose to argue that to the PCRA court. He has not done so here. All I would do, consistent with the interests of justice, is vacate the instant order and remand for the appointment of counsel.